# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                Plaintiff,

v.

LOS INDIOS, INC. D/B/A ALAMOS VERDES RESTAURANTE

                Defendant.

## COMPLAINT AND JURY TRIAL DEMAND

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to April Wyatt, Melissa Kiernan, and other aggrieved women who were adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") alleges that Los Indios, Inc. d/b/a Alamos Verdes Restaurante ("Alamos Verdes") engaged in unlawful discrimination by creating a gender-based hostile work environment, and unlawfully retaliated against April Wyatt after she complained about sexually harassing conduct.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a), 704, 706(f)(1), and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3, 2000e-5(f)(1), and 2000e-5(f)(3), and by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-5(f)(3).

4. At all relevant times, Defendant has been a Colorado corporation doing business in the State of Colorado.

5. At all relevant times, Defendant has employed at least fifteen (15) employees.

6. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## GENERAL ALLEGATIONS

7. More than thirty days prior to the institution of this lawsuit, April Wyatt filed a charge with the Commission alleging violations of Title VII by Alamos Verdes. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Alamos Verdes is a restaurant located at 5304 Vance Street in Arvada, Colorado.

9. Alamos Verdes is owned and operated by Emma Martinez, John Greg Martinez, and Paul Martinez.

10. The Board of Directors of Alamos Verdes consists of Emma Martinez, John Greg Martinez, and Paul Martinez.

11. Emma Martinez is the Secretary-Treasurer of Alamos Verdes; John Greg Martinez ("Greg Martinez") is President of Alamos Verdes; and Paul Martinez is Vice President of Alamos Verdes.

12. Greg Martinez has overall responsibility for Alamos Verdes' operations.

13. Emma and Paul Martinez assist Greg Martinez with Alamos Verdes' operations.

14. Alamos Verdes' employees report to Greg and Paul Martinez.

15. Emma Martinez is the mother of Greg and Paul Martinez.

16. April Wyatt was hired by Alamos Verdes on or about June 16, 2003.

17. Ms. Wyatt was sixteen years old when she was hired by Alamos Verdes.

18. Upon being hired, Ms. Wyatt served as a cashier and hostess.

19. When she turned eighteen, Ms. Wyatt began waiting tables.

20. From the beginning of her employment, Paul Martinez inappropriately touched Ms. Wyatt while she was at work.

21. On numerous occasions, Paul Martinez brushed up against Ms. Wyatt's backside.

22. Paul Martinez frequently grabbed Ms. Wyatt's butt.

23. Sometimes Paul Martinez smacked Ms. Wyatt on the butt.

24. Sometimes Paul Martinez slid his hand from Ms. Wyatt's butt to her crotch area.

25. On more than one occasion, Paul Martinez pulled Ms. Wyatt's underwear outside of her pants.

3

26. Paul Martinez stuck his finger in Ms. Wyatt's mouth when she yawned.

27. Paul Martinez frequently scheduled Ms. Wyatt to close the restaurant with him, when he would have greater opportunity to harass Ms. Wyatt.

28. Paul Martinez made sexual, inappropriate jokes and comments.

29. Paul Martinez talked about the waitresses "getting laid."

30. Paul Martinez said things like "that's how you like it."

31. Paul Martinez once told Wyatt that he wanted to put a "B" on either side of her butt so that when she bent over it would spell "BOB."

32. On or about September 16, 2006, while Ms. Wyatt was bent over getting ice out of the restaurant's ice machine, Paul Martinez came up behind her, grabbed her butt, slid his hand between her legs to her crotch, then reached around and grabbed her breast with his other hand.

33. On or about September 17, 2006, Ms. Wyatt reported the incident at the ice machine to Emma Martinez.

34. Emma Martinez informed Paul Martinez of Ms. Wyatt's complaint.

35. Greg Martinez was also made aware of Ms. Wyatt's complaint.

36. No action was taken against Paul Martinez as a result of Ms. Wyatt's complaint.

37. After Ms. Wyatt complained about sexual harassment, she was treated differently by both Greg and Paul Martinez.

38. Ms. Wyatt no longer was allowed to choose her table assignments.

39. Ms. Wyatt was frequently given the worst section of the restaurant with the least potential for tips.

40. Ms. Wyatt was assigned more side work than the other employees.

41. On or about October 13, 2006, Greg Martinez told Ms. Wyatt that she would have to pay the bill of a customer who walked out without paying.

42. Requiring a waitress to pay the bill of a customer who does not pay is a violation of state labor law. *See* Colo. Rev. Stat. § 8-4-105.

43. No other server had ever been required to pay the bill of a customer who walked out without paying.

44. After being told that she had to pay the bill, Ms. Wyatt began crying.

45. Ms. Wyatt was terminated on October 13, 2006.

46. Greg Martinez regularly ridiculed the female waitresses by making sexist remarks.

47. On more than one occasion, Greg Martinez called all the wait staff together and gave them a task, only to tell the men to sit down and let the women do the work.

48. Greg Martinez said things like "women can't do that, they're not smart enough."

49. Greg Martinez made comments such as "the only things women are good at are bitching and moaning."

50. Greg Martinez laughed when the female waitresses objected to his remarks.

51. Melissa Kiernan (formerly Melissa Kobi) was also harassed by Paul and Greg Martinez.

52. Ms. Kiernan began working at Alamos Verdes in about January 2002.

53. Shortly after Ms. Kiernan began working at Alamos Verdes, Paul Martinez grabbed Ms. Kiernan's butt.

54. Ms. Kiernan responded by telling Paul Martinez never to do it again.

55. Paul also made inappropriate comments to Ms. Kiernan.

5

56. A few weeks later, Paul Martinez grabbed Ms. Kiernan's butt again.

57. Ms. Kiernan complained to Emma Martinez about the sexually harassing conduct after the second incident of Paul Martinez grabbing her.

58. Nothing happened to Paul Martinez as a result of Ms. Kiernan's complaint.

59. After Ms. Kiernan complained about the sexually harassing conduct, she was moved from the day shift to the night shift.

60. Whenever Paul Martinez worked the night shift with Ms. Kiernan, he assigned her the worst section of the restaurant.

61. Paul Martinez also yelled at Ms. Kiernan and made her do additional work.

62. When Paul Martinez wasn't harassing Ms. Kiernan, he ignored her, refusing to talk to her at all.

63. When Ms. Kiernan worked with Greg Martinez, he put her down in front of customers, saying things like "sorry, but this is the best waitress I could get for you."

64. Greg Martinez also called Ms. Kiernan "stupid."

65. Paul Martinez inappropriately touched, grabbed, or groped other female employees at Alamos Verdes, including at least one other teenage girl.

66. Upon information and belief, Paul Martinez continues to inappropriately touch, grab, or grope female employees at Alamos Verdes.

67. Upon information and belief, Paul Martinez made and continues to make inappropriate comments to female employees at Alamos Verdes.

68. Upon information and belief, Greg Martinez belittled and continues to belittle or otherwise discriminate against female employees at Alamos Verdes.

**FIRST CLAIM FOR RELIEF**

[Sex Harassment/Hostile Work Environment - 42 U.S.C. §§ 2000e-2(a) and 2000e-5(f)(1)]

69. The allegations contained in paragraphs 1 through 68 are hereby incorporated by reference.

70. Alamos Verdes discriminated against April Wyatt, in violation of section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by harassing her and creating a hostile work environment because of her sex.

71. Alamos Verdes discriminated and continues to discriminate against other aggrieved female employees at Alamos Verdes in violation of section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by harassing them and creating a hostile work environment because of their sex.

72. The offensive conduct committed by Paul and Greg Martinez and described in the preceding paragraphs was and is sufficiently severe or pervasive to alter the terms and conditions of employment for April Wyatt and other aggrieved female employees.

73. As owners, officers, and managers of Alamos Verdes, the actions of Greg, Paul, and Emma Martinez constitute the actions of the company for which the company is directly liable.

74. Alamos Verdes, through its owners, officers, and managers, was aware of the severe and pervasive sexual harassment going on at the restaurant.

75. Alamos Verdes failed to take reasonable measures to prevent and promptly correct sexual harassment in the workplace.

76. Terminating April Wyatt was a tangible employment action.

77.	The unlawful employment practices described above were committed intentionally.

78.	The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of April Wyatt and other aggrieved female employees.

79.	As a result of the events and actions described above, April Wyatt and the class of other aggrieved female employees were and are being deprived of equal employment opportunities, suffered and are suffering emotional distress, and were and are otherwise adversely affected because of their sex.

## SECOND CLAIM FOR RELIEF

[Retaliation – 42 U.S.C. § 2000e-3]

80.	The allegations contained in paragraphs 1 through 79 are hereby incorporated by reference.

81.	Alamos Verdes unlawfully retaliated against April Wyatt, in violation of section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by discriminating against her for opposing unlawful employment practices.

82.	Ms. Wyatt's complaint to Emma Martinez about Paul's inappropriate behavior was conduct protected by Title VII

83.	Ms. Wyatt was subjected to adverse terms and conditions of employment in retaliation for complaining about the sexually hostile work environment at Alamos Verdes.

84.	Defendant terminated Ms. Wyatt in retaliation for her complaint about Paul Martinez' unlawful conduct.

85.	The retaliation was done intentionally.

8

86. The retaliation was done with malice and/or with reckless indifference to the federally protected rights of Ms. Wyatt.

87. As a result of the retaliation, Ms. Wyatt was deprived of equal employment opportunities, lost out on wages, suffered emotional distress, and was otherwise adversely affected because she engaged in protected activity.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Alamos Verdes, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex and from retaliating against employees who in good faith oppose such discrimination.

B. Order Alamos Verdes to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Alamos Verdes to make whole April Wyatt and the other aggrieved female employees by providing appropriate backpay with prejudgment interest, compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful-place reinstatement or front pay where appropriate, job search expenses and any medical expenses not covered by Alamos Verdes' employee benefit plan, in amounts to be determined at trial.

D. Order Alamos Verdes to make whole April Wyatt and the other aggrieved female employees by providing compensation for past and future nonpecuniary losses resulting from the

9

unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  E.  Order Alamos Verdes to pay April Wyatt and the other aggrieved female employees punitive damages for its malicious and reckless conduct described in the paragraphs above, in amounts to be determined at trial.

  F.  Grant such further relief as the Court deems necessary and proper.

  G.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 29 day of September 2009.

          Respectfully Submitted,

          JAMES L. LEE
          Acting General Counsel

          GWENDOLYN REAMS
          Associate General Counsel

          EQUAL EMPLOYMENT OPPORTUNITY
            COMMISSION
          1801 L Street, N.W.
          Washington, DC   20507

          MARY JO O'NEILL
          Regional Attorney
          Phoenix District Office

          RITA KITTLE
          Acting Supervisory Trial Attorney


          */s/ Stephanie Struble*
          STEPHANIE STRUBLE
          Trial Attorney
          (303) 866-1381
          stephanie.struble@eeoc.gov

                              EQUAL EMPLOYMENT
                              OPPORTUNITY COMMISSION
                              Denver Field Office
                              303 East 17th Avenue, Suite 410
                              Denver, CO   80203
                              FAX (303) 866-1375

NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court documents be served on the Trial Attorneys.  Duplicate service is not required on the Deputy General Counsel in Washington, D.C.