IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02316-PAB-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

LOS INDIOS, INC., d/b/a ALAMOS VERDES RESTAURANTE,

    Defendant.

---

## ORDER ON DEFENDANT'S MOTION TO STAY
---

Before the Court is Defendant's Motion for Protective Order to Stay Discovery [filed December 6, 2010; docket #27]. The matter is briefed,[1] and has been referred to this Court for disposition [docket #28]. For the reasons that follow, Defendant's motion is **denied**.

**I.     Background**

Plaintiff instituted this action on September 29, 2009. In essence, Plaintiff alleges that Defendant violated Title VII by subjecting April Wyatt, Mellissa Kiernan, and other aggrieved individuals to a gender-based hostile work environment and by retaliating against April Wyatt when she complained about sexual harassment. *See* Complaint and Jury Trial Demand [docket #1]. Defendant answered the Complaint on November 19, 2009, and the Court held a scheduling conference on December 11, 2009. *See* dockets #5 and #8. Thereafter, this Court held settlement conferences on February 8, 2010 and March 18, 2010, continued settlement discussions by telephone through November 2010, and held a Status Conference concerning settlement negotiations on

---

[1] Although given the opportunity to do so, Defendant did not file a reply brief in support of its motion within the time allowed under D.C. Colo. LCivR 7.1C.

October 15, 2010.

On December 6, 2010, Defendant, a family owned and operated restaurant, filed the present motion seeking an order protecting it from responding to Plaintiff's discovery requests and notices of deposition, asserting that Defendant is in severe financial distress, has minimal assets, and will likely cease operation upon sale of the property to an investment company in or about late December 2010.  Docket #27 at 2.  Defendant contends that Plaintiff served significant discovery and sought to take six depositions knowing that Defendant does not have the financial ability to pay attorney's fees incurred and during a period in which Plaintiff knew that Defendant would cease operations. Defendant asserts that its principals, John and Emma Martinez, have agreed to offer money to settle the case from the expected equity they receive from the sale of the property, as well as additional money in a good faith effort to resolve the matter.

Plaintiff counters that Defendant has improperly avoided discovery by agreeing to various terms of settlement, then reneging on the agreement.  Plaintiff asserts that it is willing to execute the previously negotiated agreement, but Defendant is not; thus, Plaintiff is entitled to engage in discovery in this matter.  Moreover, Plaintiff contends that Defendant's motion is supported by neither evidence nor legal authority and, therefore, Defendant has failed to meet its burden to demonstrate good cause for the protective order.

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Here, Defendant

seeks protection from the burdensome expense of discovery at this stage in the case.

A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).

In determining whether to grant a stay, courts typically balance the following factors taking into consideration the competing interests at stake: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* 2006 WL 894955 *3 (D. Colo. March 30, 2006) (unpublished) (citing *FDIC v. Renda,* 1987 WL 348635, *2 (D. Kan. Aug. 6, 1987)).

Here, Defendant seeks to stay discovery in this matter indefinitely (or, pending an unscheduled sale of its property that may yield sufficient funds to settle the case). Staying the case in this manner could substantially delay the ultimate resolution of the case, with adverse consequences such as a decrease in evidentiary quality and witness availability. The case is already 15 months old and no party disputes that only minimal discovery has taken place thus far. The Court finds that this factor weighs against granting the requested stay.

Defendant contends that it would be unduly burdened by responding to Plaintiff's requested discovery. However, unless the challenged discovery is unduly burdensome on its face, a party

seeking a protective order based upon undue burden or expense must submit affidavits or otherwise explain in detail the nature and extent of the claimed burden or expense. *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 537 (D. Kan. 2003). Plaintiff's statement that its requested discovery consists of interrogatories, document requests and notices of deposition that are well within the scope of the Scheduling Order in this matter is unrebutted; therefore, the discovery does not appear to be facially burdensome.[2] Nevertheless, without affidavits, documentation or detailed explanation, Defendant claims that a stay of proceedings is warranted because "Defendant is in severe financial distress" and "Defendant's operation is imminent." Docket #27 at ¶¶ 16 and 17. Without more than these unsupported statements, however, the Court cannot determine the extent of the burden on the Defendant and cannot justify imposing an indefinite stay of the proceedings in this matter. Therefore, the Court finds this factor weighs against granting the requested stay.

A stay of all discovery is generally disfavored in this District. *See Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007). This is particularly true in cases requesting indefinite stays, which will have the effect of delaying proceedings that may adversely affect the scheduling of the case or other cases. The general interests of controlling the court's docket and the fair and speedy administration of justice prompt the Court to find that this factor weighs against granting the requested stay.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. Defendant makes no argument concerning the interests of non-parties or the public, and the Court perceives minimal effect, if any, resulting from of a stay of these proceedings.

---

[2] In addition, the Court notes that Plaintiff's request for six depositions, four of which are to be scheduled for half days, is well within the Scheduling Order's limits.

Therefore, weighing the factors necessary to consider whether to grant the requested stay, the Court finds that Defendant's request must be denied. Without sufficient evidence of Defendant's claimed burden, the Court cannot justify the imposition of an indefinite stay of discovery in this matter.

### III.   Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion for Protective Order to Stay Discovery [filed December 6, 2010; docket #27] is **denied**. Consistent with this order, the Scheduling Order shall be amended as follows:

Discovery cutoff:                February 15, 2011
Dispositive motions deadline:    March 15, 2011

No further extensions of these deadlines shall be granted in this case absent a showing of exceptional cause.

In addition, the Final Pretrial Conference currently scheduled for March 16, 2011 is **vacated and rescheduled** to **May 18, 2011, at 9:30 a.m.** in Courtroom A501 on the fifth floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

The parties shall submit their proposed pretrial order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.L. **no later than five (5) business days** prior to the pretrial conference. The proposed pretrial order to be submitted to the Magistrate Judge under the ECF Procedures must be submitted in a useable format (i.e., WordPerfect or Word only) and shall be emailed to the Magistrate Judge at *Hegarty_Chambers@cod.uscourts.gov*.

The parties shall prepare the proposed pretrial order in accordance with the form which may be downloaded in richtext format from the forms section of the court's website at www.cod.uscourts.gov. Instructions for downloading in richtext format are posted in the forms

5

section of the website.

All out-of-state counsel shall comply with D.C. Colo. LCivR 83.3C prior to the pretrial conference.

The parties are further advised that they shall not <u>assume</u> that the court will grant the relief requested in any motion. Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not be vacated by court order may result in the imposition of sanctions.

Dated at Denver, Colorado, this 10th day of January, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge