## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02316-PAB-MEH

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,**

v.

**LOS INDIOS, INC. d/b/a ALAMOS VERDES RESTAURANTE,**

**Defendant.**

---

## CONSENT DECREE

---

### I.  RECITALS

1.     Equal Employment Opportunity Commission ("EEOC"), an agency of the United States of America, alleges that LOS INDIOS, INC. d/b/a ALAMOS VERDES RESTAURANTE ("Alamos Verdes") engaged in unlawful discrimination by creating a gender-based hostile work environment for its female employees, and unlawfully retaliated against April Wyatt after she complained about sexually harassing conduct in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*  Alamos Verdes denies these allegations.

2.     The Parties hereto, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Decree enforceable against Alamos Verdes.

EEOC v. Alamos Verdes
Consent Decree
Page 2

3.     This Decree is final and binding upon the Parties as to the issues resolved, as well as upon their successors and assigns.

4.     The Parties hereto agree that this Decree fairly resolves the issues alleged by EEOC and constitutes a complete resolution of all EEOC's claims of unlawful employment practices under Title VII that were made against Alamos Verdes in April Wyatt's Charge of Discrimination filed with the EEOC, and which were alleged in the Complaint and Jury Trial Demand ("Complaint") filed in this civil action.

## II.  JURISDICTION

5.     The Court has jurisdiction over the Parties and the subject matter of this lawsuit.  EEOC's Complaint asserts claims that, if proven, would authorize the Court to grant the monetary and equitable relief set forth in this Decree against Alamos Verdes.  This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights and privileges of any Party or person.  The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering all orders, judgments, and decrees which may be necessary to implement the relief provided herein.

## III.  DEFINITIONS

6.     **Complaint of Discrimination, Harassment, or Retaliation** - A complaint of discrimination, harassment, or retaliation shall be any oral or written complaint, which comes to the attention of a supervisor or manager of Alamos Verdes and makes allegations which are appreciated by any supervisor or manager as an allegation of discrimination, harassment, or retaliation, regardless of whether the employee complains in writing or expressly uses the terms "discrimination," "harassment," or "retaliation."

7.     **EEO -** The term "EEO" shall refer to the phrase "equal employment opportunity."

8.     **Effective Date -** The Effective Date of this Decree is the date on which the Court gives

EEOC v. Alamos Verdes
Consent Decree
Page 3

final approval to the Decree, after hearing, if required.

9.   **Parties** - The Parties to this Decree are EEOC and Alamos Verdes.

## IV. GENERAL PROVISIONS

10.   **Scope -** This Decree covers Alamos Verdes' premises and employees.

11.   **Term of Consent Decree -** This Decree shall remain in effect for 5 years subsequent to

the effective date hereof.  In the event, however, that Alamos Verdes ceases to operate a

restaurant, the obligations contained in sections 19, 23, 24, 25, and 29 of this decree shall be

stayed unless and until Alamos Verdes begins operating a restaurant again within the term of

the decree, in which case the obligations of sections 19, 23, 24, 25, and 29 shall be reinstated

for the remaining duration of the decree.  Further, in the event that Alamos Verdes ceases

operation and the payments required by Section 26.06 are made, this Decree and all its

remaining obligations shall cease.  In the event the terms and obligations outlined in this

Decree are not completed within the effective period of the Decree, the Parties shall meet and

confer concerning all matters that are alleged to constitute noncompliance.  EEOC reserves

the right to file an enforcement action under Section X ("Enforcement of Consent Decree")

hereof to extend the Decree for whatever period is necessary to allow Alamos Verdes to

comply fully with the terms of this Decree.

12.   **Compliance with Federal EEO Laws -** Nothing in this Decree shall be construed to limit

or reduce Alamos Verdes' obligation to comply with the statutes enforced by EEOC:  Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.,* Title I of the

Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.,* the Age Discrimination in

Employment Act, 29 U.S.C. § 621, *et. seq.,* and the Equal Pay Act, 29 U.S.C. §206(d).

13.   **Effect of Consent Decree -** Alamos Verdes' compliance with this Decree will fully and

completely resolve all issues of law and fact raised by EEOC in this civil action arising out of

EEOC v. Alamos Verdes
Consent Decree
Page 4

the above-referenced charges as to acts and practices up to the effective date of this Decree.

**14.  Complete Consent Decree -** This Decree constitutes the complete understanding among the Parties with respect to the matters herein.

**15.  Severability -** If one or more provisions of this Decree are rendered unlawful or unenforceable by act of Congress or by decision of the United States Supreme Court, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the purposes of this Decree. In any event, the unaffected provisions will remain enforceable.

## V.  NON-DEROGATION OF EEOC RIGHTS

**16.  Waiver of EEOC Claims -** Nothing in this Decree shall be construed to preclude EEOC from bringing suit to enforce this Decree in accordance with the enforcement provisions of Section X ("Enforcement of Consent Decree") herein.  Neither does this Decree preclude EEOC from filing lawsuits based on charges not resolved in this Decree.

**17.  EEOC Rights Reserved -** EEOC reserves all rights to proceed with respect to matters not covered in this Decree and to secure relief on behalf of aggrieved persons not covered by this Decree.  Under no circumstances shall EEOC by commenting or electing not to comment upon proposed policies or procedures pursuant to Section VI ("Affirmative Relief") be deemed to have waived its right to investigate or litigate any alleged adverse effects of said policy upon equal employment opportunities.  Nor shall EEOC by commenting or electing not to comment upon said policies or procedures be considered to have accepted the validity of or approved the provisions adopted by Alamos Verdes.

**18.  Charges Filed After the Effective Date -** Any individual charges of discrimination filed with EEOC or the Colorado Civil Rights Division ("CCRD") after the effective date of this Decree, based on conduct alleged to have occurred prior to the effective date of this Decree,

EEOC v. Alamos Verdes
Consent Decree
Page 5

will be processed by EEOC in accordance with its standard procedures.

## VI.  AFFIRMATIVE RELIEF

**19.   Notice and Posting of Decree Notice**

**19.01   Posting -** Within 90 days of the Effective Date of this Decree, Alamos Verdes shall conspicuously post the Notice of Final Approval of Settlement attached hereto as Attachment A ("Notice"), at the restaurant where all other employee-related notices are posted.

**19.02   Orientation on Consent Decree -** Prior to posting the Notice required in the preceding Paragraph 19.01, Alamos Verdes, in conjunction with the Monitor identified in Paragraph 25, shall conduct orientation meetings advising all current employees, including supervisors, managers, and human resources employees, of the terms and conditions of the Decree.  Alamos Verdes shall notify the EEOC of the dates, times, and locations at least 20 business days prior to each of the orientation meetings, and the EEOC shall have the right to attend and/or participate in any or all such meetings.  In addition, Alamos Verdes shall inform all current and future supervisors, managers, and human resources employees that any breach of or failure to comply with the terms and conditions set forth in this Decree shall subject them to appropriate disciplinary action up to and including termination.

**19.03   Individual Notice to Employees –** Within 90 days after entry of the Consent Decree, Alamos Verdes shall provide to all current employees the letter contained in Attachment B.  This letter shall be provided to all new female employees within one week of the start of their employment.  The employee will be allowed to keep a copy of this letter, and a copy, signed by the employee as

EEOC v. Alamos Verdes
Consent Decree
Page 6

acknowledgement of receipt, shall be maintained in the employee's personnel file

and shall be available for inspection throughout the duration of this Consent

Decree.

20. **Injunction**

20.01 **No Discrimination –** Alamos Verdes is permanently enjoined from discriminating

against any employee or applicant in promotions, pay, discipline (including

discharge), or terms and conditions of employment, because of sex, which

injunction specifically prohibits sexual harassment and the existence of a sexually

hostile work environment.

20.02 **No Retaliation –** Alamos Verdes is permanently enjoined from retaliating against

any employee, applicant, or individual who participates in this lawsuit, for his or her

participation in the EEOC process, the investigation by EEOC into this matter,

participation in this lawsuit, complaining about or opposing any employment

practice made unlawful by one or more of the statutes enforced by EEOC, or for

asserting any rights under this Decree.

20.03 **Management -** Alamos Verdes agrees that Paul Martinez will not engage in any

managerial or supervisory duties during the term of this Decree unless Emma

Martinez, Greg Martinez, Julie Martinez, and Susie Chacon are unavailable.

21. **References –** Should any prospective employer request a reference for any of the

Claimants in this litigation, Alamos Verdes shall state that it is their policy to provide only

dates of employment, position, and salary and shall provide the prospective employer

with only that information.  Further, the termination of any claimant, including April Wyatt,

shall be changed to a resignation.

22. **Letters of Apology –** Each payment made pursuant to Section VII ("Monetary Relief)

EEOC v. Alamos Verdes
Consent Decree
Page 7

below, shall be accompanied by the letter of apology attached hereto as Attachment D.

23.  **EEO Training**

    **23.01  Development of EEO Training Program -**  Within 90 days of the Effective Date of this Decree, Alamos Verdes shall submit to EEOC and the Monitor a proposed EEO training program for new and current employees, including non-supervisory employees, supervisors, managers, and human resources employees.  Each training program will include the following information:  (a) a detailed agenda; (b) curriculum vitae(s) for the individual(s) who will conduct the training; and (c) a plan to ensure that all employees receive the required training.

    **23.02  Amount of Training Required**

        **23.02.01  Non-Supervisory Employees –** Alamos Verdes will provide non-supervisory employees at least 1 hour of EEO training within 30 days of hire if a new employee or within 90 days of the effective date of this Decree if a current employee, and on an annual basis thereafter.  This training must be conducted live by an individual(s) not employed by or associated with Alamos Verdes, or by videotape presentation purchased from an outside vendor.

        **23.02.02  Supervisory and Management Employees –** Alamos Verdes will provide supervisors, managers, and Paul Martinez with at least 8 hours of gender and sexual harassment EEO training within 10 days of hire or promotion into such positions or within 90 days of the effective date of this Decree if a current employee.  Alamos Verdes will provide supervisors, managers, and Paul Martinez with an additional 8 hours of gender and sexual harassment EEOC training each six months

thereafter during the term of the decree, provided, however, that if the Monitor determines after one year that Alamos Verdes is in compliance with the terms of the Decree, then the training shall be reduced to eight hours on an annual basis. This training must be conducted live, and by an individual(s) not employed by or associated with Alamos Verdes.

**23.02.03 Owners** – Alamos Verdes will provide the owners of Alamos Verdes at least 8 hours of EEO training within 90 days of the effective date of this Decree, and an addition 8 hours each six months thereafter during the term of the decree, provided, however, that if the Monitor determines after one year that Alamos Verdes is in compliance with the terms of the Decree than the training shall be reduced to eight hours on an annual basis. This training must be conducted live by an individual(s) not employed by or associated with Alamos Verdes.

**23.03 Required Subjects of Training -** At a minimum, the EEO training programs shall include the following:

- instruction on the requirements of all applicable equal employment opportunity laws including, but not limited to Title VII, the ADEA, the Americans with Disabilities Act, the Equal Pay Act, and the Pregnancy Discrimination Act, with a particular emphasis on sexual harassment;

- a review of Alamos Verdes' non-discrimination employment policies and of the specific requirements of this Decree, with particular emphasis on the complaint procedure, and prohibitions on retaliation.

- training for those persons identified in 23.02.02 and 23.02.03 shall include instruction on the proper procedures for responding to employee complaints of

EEOC v. Alamos Verdes
Consent Decree
Page 9

discrimination, harassment, and/or retaliation.

24.  **Modification and Implementation of Policies and Procedures**

24.01  **Review of Policies -** During the first year of this Decree, Alamos Verdes shall, in consultation with a qualified consultant who is not employed by or otherwise associated with Alamos Verdes ("Consultant"), review Alamos Verdes' existing policies and procedures, and develop and implement new and/or revised policies and procedures to ensure equal employment opportunities are afforded to female employees.  During the second and subsequent years of this Decree, Alamos Verdes may on its own or in consultation with the Consultant, develop additional policy revisions to ensure equal employment opportunities.

24.02  **Policies to be Modified or Developed**

24.02.01  **Procedures to Guard Against Discriminatory Decision Making** – In consultation with the Consultant, Alamos Verdes shall develop and implement policies and procedures to guard against discriminatory decision-making in (a) hiring and/or promotion into supervisory or management positions; (b) the terms and conditions of employment, including but not limited to shift assignments and table assignments; (c) enforcement of policies; and (d) discipline and discharge.

24.02.02  **Management Evaluation and Accountability Policy -** In consultation with the Consultant, Alamos Verdes shall develop and implement a management evaluation and compensation system which includes EEO compliance and compliance with this Decree as factors for evaluating manager performance.

EEOC v. Alamos Verdes
Consent Decree
Page 10

## 25. Consent Decree Monitor

**25.01 Appointment of Monitor -** Alamos Verdes and EEOC have agreed that Mark Baird will be the Consent Decree Monitor ("Monitor") to oversee the implementation by Alamos Verdes of the terms of this Decree. The Monitor will have broad powers to effectuate the purposes and enforce the terms of this Decree.

**25.02 Replacement of Monitor -** In the event the Monitor is unable or unwilling to continue to serve, the Parties shall jointly select a new Monitor.

**25.03 Resolving Disputes Over Monitor Appointment -** If, however, the Parties cannot agree upon a Monitor within thirty days following the notification of a need to replace the Monitor, the EEOC shall provide Alamos Verdes with a list of at least three candidates, from which list Alamos Verdes shall select the Monitor.

**25.04 Compensation of Monitor -** Alamos Verdes shall compensate the Monitor at an agreed upon rate, and shall reimburse the Monitor's reasonable expenses. Alamos Verdes shall pay any and all reasonable costs necessary to fulfill the work of the Monitor.

**25.05 Cooperation -** The Monitor shall, to the maximum extent practicable and consistent with the Monitor's obligations, work cooperatively with Alamos Verdes so as not to unduly interfere with Alamos Verdes' operations. Alamos Verdes agrees to cooperate with the Monitor, to the maximum extent practicable.

**25.06 Access to Region, Premises, Employees, and Information -** The Monitor shall have reasonable access to relevant documents, premises, employees, and other sources of information necessary to exercise his or her duties under this Decree. The Monitor and the EEOC shall have reasonable access to review all non-

EEOC v. Alamos Verdes
Consent Decree
Page 11

privileged records maintained by Alamos Verdes relating to the implementation or
administration of this Decree.  The Monitor shall hold quarterly meetings at the
restaurant, commencing with the second calendar quarter of 2011, rotating through
all shifts, to provide information to the employees and to accept complaints of
discrimination.

25.07 **Monitor Responsibilities -** During the term of the Decree, the Monitor will have
the following responsibilities:

- Evaluate whether Alamos Verdes has taken appropriate and reasonable action to
  protect female employees from disparate treatment, hostile work environment,
  and retaliation;

- Review all records documenting employee complaints of discrimination or
  harassment based on sex, including oral and written complaints, charges of
  discrimination, and investigative records relating to such complaints.

- Survey all female employees on four-month intervals concerning whether they
  have experienced circumstances that would constitute disparate treatment or
  hostile work environment based on sex.

- conduct a meeting with Alamos Verdes owners at four month intervals and make
  recommendations regarding compliance with this Decree and other EEO matters;

- participate in orientation meetings provided in Paragraph 19.02 to inform
  employees about this Consent Decree;

- report to the Parties

## VII.  MONETARY RELIEF

## 26.  Payment to Claimants

**26.01**  Alamos Verdes agrees to make potential future payments of a maximum of

EEOC v. Alamos Verdes
Consent Decree
Page 12

$100,000 as set out in paragraph 26.02 in settlement of EEOC's claims alleged in the above-captioned lawsuit and as compensation for the alleged emotional distress damages suffered by the individuals listed in Attachment C.

**26.02** Alamos Verdes agrees to make future payments of $100,000 during the term of this decree (the "Contingent Payment"), contingent upon the occurrence of certain events as set forth below.

**26.03** Beginning with calendar year 2011, for any calendar year in which the credit card receipts at Alamos Verdes exceed $725,000 (including tips), Alamos Verdes shall pay the Claimants identified in Attachment C fifteen percent (15%) of all amounts over $725,000, until the Contingent Payment has been made in full.  All such payments shall be made by certified check by March 31 of the following year for any year in which payments are due and shall be in the proportions set out in Attachment C.

**26.04** If Alamos Verdes pays a total of $60,000 towards the Contingent Payment within the first two years of the term of this Consent Decree, it will be relieved of the obligation to pay the remaining portion of the Contingent Payment.

**26.05** If at any point during the terms of this decree, Alamos Verdes fails to make any of the payments required by paragraphs 26.03, the entire remaining balance of the Contingent Payment will become due immediately.

**26.06** If, during the term of this Decree, Alamos Verdes a) sells, transfers or otherwise assigns all or substantially all of its business or the economic benefits or right to cash flows attributable to such business to a third party, or b) John and/or Emma Martinez sell, transfer or otherwise assign the real property described in Attachment F, the lesser of the entire remaining balance of the Contingent Payment

EEOC v. Alamos Verdes
Consent Decree
Page 13

or $50,000.00 will become due immediately and will be paid to a third party

administrator  out of the proceeds of the transaction at the closing of the

transaction.   The third party administrator will disburse the settlement proceeds to

the claimants in the proportions set out in Attachment C.

26.07  Any and all sales, transfers and assignments of Alamos Verdes, its business, or

the Vance Street Property, or economic benefits or right to cash flows attributable to

Alamos Verdes, its business, or the Vance Street Property, must be for full, fair,

market value and pursuant to purchase and sale agreements negotiated at arms-

length.

26.08  Alamos Verdes will not condition the receipt of individual relief on any individual's

agreement to (a) maintain as confidential the terms of this decree, (b) waive his or

her statutory right to file a charge with any federal or state anti-discrimination

agency, or (c) waive his or her right to apply for a position with Alamos Verdes.

26.09  During the term of this Decree, Alamos Verdes will keep and maintain (a) a

permanent and accurate set of books and records, in accordance with generally

accepted accounting methods and principles, of all revenue derived from Alamos

Verdes and its business, and all supporting records including, without limitation,

state sales and use tax reports, and business and occupation tax records; and (b)

copies of Alamos Verdes' federal and state income tax returns (or, if Alamos Verdes

is not a separately regarded taxable entity, then the federal and state income tax

returns of the owners and shareholders of Alamos Verdes) (collectively, "Books and

Records").  Upon thirty (30) days' prior written notice to Alamos Verdes, the EEOC

or its representative may examine and make copies of any and all items included in

EEOC v. Alamos Verdes
Consent Decree
Page 14

the Books and Records relating as far back as the first day of the calendar year in

which this Decree is entered, at a location designated by the EEOC.

**26.10** Alamos Verdes has delivered to the EEOC a fully executed and acknowledged

Guaranty in the form attached hereto as Attachment E and Deed of Trust in the

form attached hereto as F.  At any time after entry of this Decree, the EEOC may

cause the Deed of Trust to be recorded in the real property records of Jefferson

County, Colorado.

## VIII.  TAXES

**27. Taxes**

**27.01** Alamos Verdes or, in the case of payment under section 26.06, the third party

administrator shall prepare and distribute 1099 tax reporting forms to the

individuals who receive payment under this Decree.

**27.02** Alamos Verdes shall make appropriate reports to the Internal Revenue Service

and other tax authorities, including without limitation the Colorado Department of

Revenue.

## IX.  REPORTING AND RECORD KEEPING

**28. Document Preservation**

**28.01** For the duration of the Decree, Alamos Verdes shall maintain such records as are

necessary to demonstrate its compliance with this Decree and to verify that the

reports submitted are accurate, including but not limited to the documents

specifically identified below.

**28.02** While the Decree is in effect, Alamos Verdes shall retain the following hard-copy

(paper or fiche) and computer records:

- all personnel records including all performance appraisals, and records of

EEOC v. Alamos Verdes
Consent Decree
Page 15

    attendance, production, discipline and termination;

- all complaints of discrimination or harassment based upon sex and all records of the investigation of those complaints;

- all complaints of retaliation prohibited by statutes enforced by the EEOC, and all records of the investigation of those complaints;

- all records of employee discipline and discharge, including any investigative records supporting the decision;

- all notices of rejection provided to employees seeking promotion or change of assignment;

- all computerized payroll data; and

- all data used in performance reviews and selections for positions filled.

## 29. Reports

**29.01 Initial Report -** Within 90 days of the effective date of this Decree, Alamos Verdes shall provide EEOC and the Monitor with the following:

- a status report on the project to review and revise existing policies as necessary to ensure equal employment opportunities, as required herein;

- verification that all non-supervisory employees, supervisors, managers, and owners have completed training on the terms and provisions of this Decree, as required herein;

- proposed EEO training programs, as required herein.

**29.02 Periodic Reports**

**29.02.01**    During the term of this Decree, Alamos Verdes shall submit semi-annual reports to EEOC and the Monitor.  With each report, Alamos Verdes shall submit all data in both electronic and hard copy form.

EEOC v. Alamos Verdes
Consent Decree
Page 16

**29.02.02**   The first reporting period will begin on the effective date of this Decree, and will end on the last day of the sixth complete calendar month thereafter.  Each subsequent reporting period will be 6 calendar months.

**29.02.03**   Each report shall contain the following information for the relevant reporting period:

- All records documenting disciplinary actions taken during the reporting period, including documents supporting the discipline, investigative records, and records reflecting the decision-making process;

- All records documenting handling of employee complaints of discrimination, harassment, and/or retaliation made during the reporting period, including any records of the complaint, any investigative records, notes of witness interviews, records gathered, investigative reports or recommendations, records reflecting what, if any, remedial steps were taken, and any records documenting the decision-making process.

- A list of employees during the reporting period, listed by hire date and categorized by sex, and indicating the employee's termination date, if any;

- Verification of employee attendance for all EEO training conducted during the reporting period.

**29.03  Other Reports**

**29.03.01**   No later than 20 business days prior to holding the orientation

EEOC v. Alamos Verdes
Consent Decree
Page 17

meetings required herein, Alamos Verdes shall provide EEOC and the Monitor with the dates, times and locations of the orientation meetings;

29.03.02    No later than 30 days prior to any scheduled training required herein, Alamos Verdes shall inform EEOC and the Monitor of the date, time, and location when the training is scheduled to be conducted.

29.03.03    As required herein, Alamos Verdes shall deliver to EEOC and the Monitor any proposed or amended employment policies

**30. Additional Data -** EEOC and the Monitor shall have the right to request additional computer or other data from Alamos Verdes so long as the information sought is necessary and consistent with the monitoring of the Decree. Alamos Verdes shall comply with a request for additional data within 10 business days of the request. Any disputes regarding the propriety of any request for additional data shall be resolved by the Court as provided herein.

## X. ENFORCEMENT OF CONSENT DECREE

**31.   Enforcement by EEOC -** It is expressly agreed that if EEOC concludes that Alamos Verdes breaches this Decree, EEOC may initiate a lawsuit in this Court after complying with the informal resolution procedures set forth herein.

**32.   Requirement of Informal Resolution Efforts**

**32.01 Notice of Dispute -** Prior to initiating an action to enforce the Decree, EEOC will provide written notice to all other Parties of the nature of the dispute. This notice shall specify the particular provision(s) believed to have been breached and a statement of the issues in dispute. The notice may also include a reasonable request for documents or information relevant to the dispute.

**32.02 Response to Notice of Dispute -** Within 30 business days after service of the Notice of Dispute, Alamos Verdes will provide a written response and provide the

EEOC v. Alamos Verdes
Consent Decree
Page 18

requested documents or information.

32.03 **Service -** Service of the Notice of Dispute and any Responses shall be made by hand-delivery, facsimile transmission, or electronic mail.

32.04 **Meeting -** After service of the Responses, the Parties will schedule a telephone or in-person meeting to attempt to resolve the dispute.

32.05 **Dispute Resolution Period -** If the dispute has not been resolved within 60 days after service of the Notice of Dispute, an action to enforce the Decree may be brought in this Court.

33. **Expedited proceedings -** The provisions of this section do not prevent EEOC from bringing an issue before the Court when the facts and circumstances require immediate Court action.  EEOC's moving papers shall explain the facts and circumstances that necessitate immediate Court action.  If EEOC brings a matter before the Court requiring immediate Court action, copies of the moving papers will be provided to Alamos Verdes.

## XI. MISCELLANEOUS PROVISIONS

34. **Amendment -** By mutual written consent of all of the Parties hereto, and approval of the Court, this Decree may be amended in the interest of justice and fairness in order to execute the provisions involved.

35. **Implementation -** EEOC and Alamos Verdes agree to take all steps that may be necessary to fully effectuate the terms of this Decree.

EEOC v. Alamos Verdes
Consent Decree
Page 19

## XII.  SIGNATURES

**AGREED AND APPROVED:**

By Consent:

U.S. Equal Employment Opportunity Commission

By: _Mary Jo O'Neill_   Date: _2/28/2011_

Los Indios, Inc. d/b/a Alamos Verdes Restaurante

By: _John S. Martinez_   Date: _3/03/11_

Ordered this _8th_ day of _March_, 2011

_____
United States District Judge

EEOC v. Alamos Verdes
Consent Decree
Page 20

Approved as to form:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____
Stephanie Struble
Sean Ratliff
Denver Field Office
303 E. 17th Ave., Suite 410
Denver, CO 80203
(303) 866-1381
(303) 866-1375 (fax)
Stephanie.Struble@eeoc.gov
Sean.Ratliff@eeoc.gov
Attorneys for Plaintiff EEOC


By: _____
Daniel R. Satriana, Jr.
April L. Jones
Clisham, Satriana, & Biscan, LLC
1512 Larimer St., Suite 400
Denver, CO 80202
Telephone: (303) 468-5400
Facsimile: (303) 468-5439
satrianad@csbattorneys.com
jonesa@csbattorneys.com
Attorneys for Defendant Los Indios, Inc. d/b/a Alamos Verdes Restaurante

ATTACHMENT A

# NOTICE TO EMPLOYEES

## THIS NOTICE IS POSTED PURSUANT TO COURT ORDER
### *EEOC v. Los Indios, Inc. d/b/a Alamos Verdes Restaurante,*
### Civil Action No. 09-cv-02316-PAB-MEH

This Notice is posted pursuant to a Court Order entered in the above-captioned lawsuit in which the Equal Employment Opportunity Commission alleged that multiple female employees of Alamos Verdes Restaurante suffered from sexual harassment, discrimination because of sex, and retaliation for complaining about sex harassment, in violation of Title VII of the Civil Rights Act.

As part of an agreement between the parties in the lawsuit, the U.S. District Court has Ordered:

- Alamos Verdes is prohibited from engaging in any form or sexual harassment or sex discrimination
- Alamos Verdes is prohibited from retaliating against any employee who complains or otherwise opposes unlawful sexual harassment or sex discrimination
- Alamos Verdes must maintain records of all complaints of sexual harassment and sex discrimination and any negative employment actions or discipline
- A court approved Monitor has been appointed to ensure that Alamos Verdes complies with the Court's Order
- Alamos Verdes must permit the Monitor to meet with Alamos Verdes employees every four months
- Alamos Verdes must submit regular reports to the Monitor and to the Equal Employment Opportunity Commission
- Alamos Verdes is required to provide one hour of Equal Employment Opportunity training on an annual basis to all non-supervisory employees.
- Alamos Verdes is required to provide at least eight (8) hours of Equal Employment Opportunity training to managers, supervisors, and owners.

Please know that Alamos Verdes will not tolerate any form of sexual harassment or sex discrimination, including but not limited to:

- Unwanted sexual advances
- Unwanted touching, groping, or other physical or verbal conduct of a sexual nature
- Sexual comments or innuendo
- Requests for sexual favors
- Any demeaning, intimidating, threatening, or hurtful comments or behavior that shows hostility toward individuals because of their sex
- Treating female employees less favorably than male employees

ATTACHMENT A

If you personally experience or witness any of the above types of behavior or any other form of sexual harassment or disparate treatment, you are encouraged to contact one of the following persons:

- Mark Baird, Court Appointed Monitor
  Baird & Kiovsky, LLC
  2036 E. 17th Avenue
  Denver, Colorado 80206
  (303) 813-4500

- Sean Ratliff
  Equal Employment Opportunity Commission
  303 E. 17th Avenue, Suite 410
  Denver, CO 80203
  (303) 866-1370

- Stephanie Struble
  Equal Employment Opportunity Commission
  303 E. 17th Avenue, Suite 410
  Denver, CO 80203
  (303) 866-1381

ATTACHMENT B

## Letter to All Alamos Verdes Employees

Dear [Employee],

This letter is issued pursuant to a Court Order entered in *EEOC v. Los Indios, Inc. d/b/a Alamos Verdes Restaurante*, Case No. 09-cv-02316-PAB-MEH, in which the Equal Employment Opportunity Commission alleged that multiple female employees of Alamos Verdes Restaurante suffered from sexual harassment, discrimination because of sex, and retaliation for complaining about sex harassment, in violation of Title VII of the Civil Rights Act.

As part of an agreement between the parties in the lawsuit, the U.S. District Court has Ordered:

- Alamos Verdes is prohibited from engaging in any form or sexual harassment or sex discrimination
- Alamos Verdes is prohibited from retaliating against any employee who complains or otherwise opposes unlawful sexual harassment or sex discrimination
- Alamos Verdes must maintain records of all complaints of sexual harassment and sex discrimination and any negative employment actions or discipline
- A court approved Monitor has been appointed to ensure that Alamos Verdes complies with the Court's Order
- Alamos Verdes must permit the Monitor to meet with Alamos Verdes employees every four months
- Alamos Verdes must submit regular reports to the Monitor and to the Equal Employment Opportunity Commission
- Alamos Verdes is required to provide one hour of Equal Employment Opportunity training on an annual basis to all non-supervisory employees.
- Alamos Verdes is required to provide at least eight (8) hours of Equal Employment Opportunity training to managers, supervisors, and owners.

Please know that Alamos Verdes will not tolerate any form of sexual harassment or sex discrimination, including but not limited to:

- Unwanted sexual advances
- Unwanted touching, groping, or other physical or verbal conduct of a sexual nature
- Sexual comments or innuendo
- Requests for sexual favors
- Any demeaning, intimidating, threatening, or hurtful comments or behavior that shows hostility toward individuals because of their sex
- Treating female employees less favorably than male employees

ATTACHMENT B

If you personally experience or witness any of the above types of behavior or any other form of sexual harassment or disparate treatment, you are encouraged to contact one of the following persons:

- Mark Baird, Court Appointed Monitor
  Baird & Kiovsky, LLC
  2036 E. 17th Avenue
  Denver, Colorado 80206
  (303) 813-4500

- Sean Ratliff
  Equal Employment Opportunity Commission
  303 E. 17th Avenue, Suite 410
  Denver, CO 80203
  (303)866-1370

- Stephanie Struble
  Equal Employment Opportunity Commission
  303 E. 17th Avenue, Suite 410
  Denver, CO 80203
  (303)866-1381

ATTACHMENT C

## List of Aggrieved Individuals Entitled to Payment

The following individuals shall receive payment in the following percentages in accordance with Section 26 of this Decree:

1.   April Wyatt    - 70%

2.   Amber Armstrong – 1%

3.   Amanda Fredrickson – 2%

4.   Cory Glauth – 2%

5.   Brittany Guill – 5%

6.   Lesley R. Ingram – 5%

7.   Rebecca Lynn Ingram – 2%

8.   Rhonda Kaiser – 2%

9.   Elizabeth Kane – 2%

10.   Melissa Kiernan – 5%

11.   Sarah Lucero – 2%

12.   Valerie Taylor – 2%

ATTACHMENT D

## Letter of Apology

During the course of the above cited litigation, I have learned that you and other female employees have alleged that you were subjected to acts of sexual harassment and discrimination. I strongly disapprove of such conduct and if these acts occurred, I am sorry.   I have agreed with the EEOC on a course of action which we believe will help prevent any conduct of this type.

Sincerely,

ATTACHMENT E

## GUARANTY

In consideration of, and as an inducement to the Equal Employment Opportunity Commission, an agency of the United States of America ("**EEOC**"), to agree to the settlement with Los Indios, Inc., a Colorado corporation ("**Company**") set forth in the Consent Decree filed with the United District Court for the District of Colorado with respect to Civil Action No. 09-cv-02316-PAB-MEH (the "**Consent Decree**"), the undersigned, jointly and severally (collectively, "**Guarantor**"), hereby guarantees, absolutely and unconditionally, to EEOC the full and prompt performance of all terms, covenants, conditions and agreements to be performed and observed by Company under section 26 of the Consent Decree and any and all amendments, modifications and other instruments relating thereto, whether now or hereafter existing, and the full and prompt payment of all costs and expenses which shall at any time be recoverable by EEOC from Company by virtue of the Consent Decree and any amendments, modifications and other instruments relating thereto (hereinafter called "**Liabilities of Company**"); and Guarantor hereby covenants and agrees to and with EEOC, together with its successors and assigns, that if Company shall breach the Consent Decree at any time in the payment of sums or charges due and payable by Company under the Consent Decree, Guarantor will forthwith pay such sums and charges and will forthwith faithfully perform and fulfill all of such terms, covenants, conditions and provisions of the Consent Decree.

Guarantor agrees that, with or without notice or demand, Guarantor will reimburse EEOC, to the extent that such reimbursement is not made by Company, for all expenses (including reasonable attorneys' fees and disbursements) incurred by EEOC in connection with any default by Company under the Consent Decree or the default by Guarantor under this Guaranty.

Notwithstanding any provision to the contrary contained herein, Guarantor hereby unconditionally and irrevocably waives any and all rights of reimbursement, contribution or indemnity against Company which may have heretofore arisen or may hereafter arise in connection with any guaranty or pledge or grant of any lien or security interest made in connection with the Consent Decree. Guarantor hereby acknowledges that the waiver contained in the preceding sentence is given as an inducement to EEOC to enter into the Consent Decree and, in consideration of EEOC's willingness to agree to the Consent Decree, Guarantor agrees not to amend or modify in any way the foregoing waiver without EEOC's prior written consent. If any amount shall be paid to Guarantor by Company on account of any claim set forth at any time when all the Liabilities of Company shall not have been paid in full, such amount shall be held in trust by Guarantor for EEOC's benefit and, to the extent of any matured and unpaid liabilities of Company to EEOC under the Consent Decree, shall be immediately tendered pursuant to the Consent Decree. Nothing herein contained is intended or shall be construed to give to Guarantor any rights of subrogation or right to participate in any way in EEOC's right, title or interest in the Consent Decree, notwithstanding any payments made by Guarantor to or toward any payments due from Guarantor under this Guaranty, all such rights of subrogation and

ATTACHMENT E

participation being hereby expressly waived and released.

Guarantor hereby expressly waives (a) notice of acceptance of this Guaranty; (b) presentment and demand for payment of any of the Liabilities of Company; (c) protest and notice of dishonor or default to Guarantor or to any other party with respect to any of the Liabilities of Company; (d) all other notice to which Guarantor might otherwise be entitled; (e) any law requiring EEOC to institute an action against any other party (including, without limitation, Company) in order to institute an action or obtain a judgment against Guarantor, as well as any suretyship laws, and (f) any demand for payment under this Guaranty; and Guarantor hereby expressly agrees that the validity of this Guaranty and the obligations of Guarantor hereunder shall not be terminated, affected or impaired by reason of the assertion or the failure to assert by EEOC against Company, or Company's successors and assigns, of any of the rights or remedies reserved to EEOC pursuant to provisions of the Consent Decree.

This is an absolute and unconditional guaranty of payment and not of collection and Guarantor further waives any right to require that any action be brought against Company or any other person or entity. Successive recoveries may be had hereunder. No invalidity, irregularity or unenforceability of all or any part of the Consent Decree shall affect, impair or be a defense to this Guaranty and this Guaranty shall constitute a primary obligation of the undersigned.

Each reference herein to Guarantor shall be deemed to include the heirs, distributees, executors, administrators, legal representatives, successors and assigns of Guarantor, all of whom shall be bound by the provisions of this Guaranty.

No delay on the part of EEOC in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor or of the right of EEOC to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this Guaranty nor any termination hereof be effective unless in writing signed by EEOC, nor shall any waiver be applicable except in the specific instance for which given; provided, however, that this Guaranty will automatically terminate upon the expiration or sooner termination of the Consent Decree.

This Guaranty shall continue to be effective or be reinstated, as the case may be, if any payment of Guarantor on account of the Liabilities of Company must be returned upon the insolvency, bankruptcy or reorganization of Company, Guarantor, or otherwise, as though such payment had not been made.

This Guaranty is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of Colorado. In any action or proceeding arising out of this Guaranty, Guarantor agrees to submit to personal jurisdiction in the State of Colorado. Guarantor agrees to pay all costs and expenses, including, without limitation, reasonable attorneys' fees, which are

28

ATTACHMENT E

incurred by EEOC in the enforcement of this Guaranty.

This Guaranty may be executed in one or more counterparts, each of which counterparts shall be an original.

All of EEOC's rights and remedies under the Consent Decree or under this Guaranty are intended to be distinct, separate and cumulative and no such right and remedy therein or herein mentioned is intended to be in exclusion of or a waiver of any of the others.

As a further inducement to EEOC to consent to the Consent Decree and in consideration thereof EEOC and Guarantor covenant and agree that in any action or proceeding brought on, under or by virtue of this Guaranty, EEOC and the Guarantor shall and do hereby waive trial by jury.

IN WITNESS WHEREOF, the undersigned have executed this Guaranty on the dates set forth below.

**GUARANTOR:**


_____

JOHN MARTINEZ, an individual

Date:_____

Address for Notice: 6701 Grandview Avenue, Arvada, Colorado 80002


STATE OF COLORADO                    )
                                     ) ss.
COUNTY OF _____          )

On the _____ day of _____, 2010, before me personally came John Martinez, who executed the foregoing instrument and acknowledged that he executed the same.

WITNESS my hand and official seal.


_____ My Commission Expires on: _____
Notary Public

ATTACHMENT E

**GUARANTOR:**

_____

EMMA G. MARTINEZ, an individual

Date:_____

Address for Notice: 6701 Grandview Avenue, Arvada, Colorado 80002


STATE OF COLORADO            )
                             ) ss.
COUNTY OF _____  )

On the _____ day of _____, 2010, before me personally came Emma G. Martinez, who executed the foregoing instrument and acknowledged that he executed the same.

WITNESS my hand and official seal.


_____ My Commission Expires on: _____

Notary Public

ATTACHMENT F

Legal Description of the land commonly known as 5304 Vance Street, Arvada, Colorado 80002
and 5370 Wadsworth ByPass, Arvada, Colorado 80002

The East 1/2 of the South 1/2 of the North 1/2 of the Southwest 1/4 of
the Northeast 1/4 of Section 14, Township 3 South, Range 69 West,
EXCEPT those parcels contained in instruments recorded November 26, 1948
in Book 620 at Page 69 recorded July 13, 1953 in Book 815 at Page 334
and recorded March 27, 1959 in Book 1183 at Page 313.

And

A PART OF VACATED VANCE STREET LOCATED IN THE SOUTHWEST QUARTER OF THE
NORTHEAST QUARTER OF SECTION 14, TOWNSHIP 3 SOUTH, RANGE 69 WEST OF THE 6TH
PRINCIPAL MERIDIAN, CITY OF ARVADA, COUNTY OF JEFFERSON, STATE OF COLORADO
WHICH CONSIDERING THE SOUTH LINE OF THE SOUTWEST QUARTER OF THE NORTHEAST
QUARTER OF SAID SECTION 14 AS BEARING S 89°50'16" W AND WITH ALL BEARINGS
CONTAINED HEREIN RELATIVE THERETO IS MORE PARTICULARLY DESCRIBED AS
FOLLOWS:

COMMENCING AT THE SOUTHEAST CORNER OF THE SOUTHWEST QUARTER OF THE
NORTHEAST QUARTER OF SAID SECTION 14;

THENCE S 89°50'16" W, ALONG THE SOUTH LINE OF SAID SOUTHWEST QUARTER OF THE
NORTHEAST QUARTER, A DISTANCE OF 679.04 FEET;

THENCE N 00°17'55" W A DISTANCE OF 724.04 FEET;

THENCE S 45°37'57" E A DISTANCE OF 35.01 FEET TO A POINT ON THE NORTHERLY RIGHT
OF WAY LINE OF WEST 53RD AVENUE, THE POINT OF BEGINNING OF SAID PART OF
VACATED VANCE STREET;

THENCE ALONG THE ARC OF A CURVE TO THE RIGHT WITH A RADIUS OF 44.50 FEET AND
A CENTRAL ANGLE OF 90°23'29" A DISTANCE OF 70.20 FEET, THE LONG CHORD OF WHICH
BEARS N 00°26'12" W A DISTANCE OF 63.15 FEET;

THENCE N 41°55'55" E, A DISTANCE OF 22.68 FEET TO A POINT ON THE FORMER EASTERLY
RIGHT-OF-WAY LINE OF VACATED VANCE STREET;

THENCE S 00°18'49" E, ALONG SAID FORMER EASTERLY RIGHT-OF-WAY LINE, A DISTANCE
OF 94.89 FEET TO A POINT ON THE NORTHERLY RIGHT-OF-WAY LINE OF SAID WEST 53RD
AVENUE;

THENCE N 45°37'57" W, ALONG SAID NORTHERLY RIGHT-OF-WAY LINE, A DISTANCE OF
21.26 FEET TO THE POINT OF BEGINNING.

CONTAINING 1,772 SQUARE FEET OR 0.04 ACRE MORE OR LESS.

Excluding the following parcel:

ATTACHMENT F

A parcel of land in the City of Arvada, County of Jefferson, State of Colorado, being that portion of the East ¼ of the South ½ of the North ½ of the Southwest ¼ of the Northeast ¼ of Section 14, Township 3 South, Range 69 West of the 6th P.M., described as follows:

Beginning at the southwest corner of the property described in deed to John Martinez and Emma Martinez, recorded May 26, 1977 in Book 3008, Page 864, records of said county; thence North 0°17'55" West, along the west line of said property, 24.59 feet; thence South 45°17'55" East 13.55 feet; thence South 52°13'14" East 24.52 feet to the south line of said property; thence South 89°48'42" West, along south line, 28.94 feet to the point of Beginning.

The above described parcel of land contains 337 square feet, more or less.

And also excluding the following parcel:

The East 5' of the West 25' of the East 1/2 of the South 1/2 of the North 1/2 of the Southwest 1/4 of the Northeast 1/4 of Section 14, Township 3 South, Range 69 West of the 6th P.M., Except that Parcel Described in Book 1183, Page 313, Recorded March 27, 1959.
County of Jefferson
State of Colorado.

ATTACHMENT F

